# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

LISA N. JENNINGS,

      **Plaintiff,**

v.

UNIVERSAL PROTECTION SERVICE,
LLC d/b/a ALLIED UNIVERSAL,

      **Defendant.**

      **Civil Action No. 2:24-cv-205
DCLC-CRW**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DEADLINES PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

Plaintiff, Lisa Jennings, through counsel, submits her Response in Opposition to Defendant's Motion to Stay Deadlines Pending the Court's Ruling on Defendant's Motion to Compel Arbitration. As grounds for her opposition to Defendant's Motion, Ms. Jennings states that she has agreed in writing that Defendant is not waiving any alleged right to arbitration by engaging in discovery. Additionally, it benefits both parties to move forward with the discovery process because the parties will need to conduct discovery regardless of whether this case proceeds with litigation in court or in arbitration, and discovery is likely to facilitate the parties' ongoing settlement efforts.

Defendant contends in its Motion that it is "reluctant to begin engaging in discovery out of a concern that doing so could be construed as a waiver of Defendant's right to enforce" the alleged arbitration agreement. [Doc. 29 at p. 2]. Defendant relies on case law stating that "a party

may waive its right to compel arbitration by (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement, and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." [Doc. 29 at p. 2, citing *Johnson Assocs. Corp. v. H.L. Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012)]. Defendant cites participation in "extensive discovery" as one way a party may be construed as acting inconsistently with reliance on the arbitration agreement. [Doc. 29 at p. 2, citing *Doe v. Piraino*, 2024 WL 1421253, at *10 [2024 U.S. Dist. LEXIS 60394, at *26] (M.D. Tenn. Apr. 2, 2024)]. That purported concern is baseless.

Defendant filed its Motion to Compel Arbitration [Doc. 15] on April 22, 2025 and has consistently asserted its reliance on the alleged arbitration agreement. The Report of the Parties Pursuant to Rule 26(f) [Doc. 25], jointly signed and filed by the parties on July 14, 2025, states explicitly in two different places that Defendant is not waiving its right to enforce the arbitration agreement:

- "The parties agree that Defendant is not waiving any alleged right to arbitration by complying with this Court's Order (Doc. No. 23) by filing this discovery planning report." [Doc. 25 at p. 3].

- "Because the Plaintiff has agreed that the Defendant is not waiving any alleged right to arbitration by complying with this Court's Order (Doc. No. 23) to file this discovery planning report or *by engaging in discovery*, the parties will continue to abide by this Planning Report and/or this Court's Scheduling Order pending a decision by this Court as to whether to compel arbitration." (emphasis added) [Doc. 25 at p. 7].

Thus, although Ms. Jennings disputes the enforceability of the alleged arbitration agreement, the parties expressly agreed and represented to the Court in their jointly filed Rule 26(f) Report

2

[Doc. 25] that Ms. Jennings would not argue waiver based on Defendant's participation in discovery planning and in discovery itself. Thus, it is both unnecessary and disingenuous for Defendant to move to stay discovery and other deadlines on that basis.

The case law cited by Defendant is also not supportive of its purported concern about unwittingly waiving arbitration by engaging in discovery. First, the Sixth Circuit has noted that "waiver of the right to arbitration is not to be lightly inferred." *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012) (quoting *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005)). Second, in both cases cited by Defendant, the plaintiffs moved the court to hold that the defendants had waived arbitration by their conduct. In *Johnson Associates*, the defendant filed an answer and litigated in court for eight months before it raised the issue of arbitration. 680 F.3d at 718. It did not raise the arbitration agreement as an affirmative defense in its answer, it asserted a counterclaim for breach of contract, and it "actively scheduled and requested discovery, including depositions, *rather than moving to compel arbitration*." *Id.* at 718-19 (emphasis added). Similarly, in *Doe v. Paraino*, the defendant engaged in settlement discussions with the plaintiff for a year without mentioning an arbitration agreement. 2024 U.S. Dist. LEXIS 60394, at *27 (M.D. Tenn. Apr. 2, 2024). Then, after the case proceeded to litigation, the defendant "filed two Motions to Dismiss and a Motion to Strike, participated in the preparation of a proposed Case Management Order, and collaborated with plaintiffs' counsel in trying to establish litigation deadlines, *all without once mentioning the possibility of the existence of an arbitration agreement*." *Id.* (emphasis added). It raised the issue of arbitration for the first time over a year into the litigation. *Id*.

The facts of *Johnson Associates* and *Doe v. Paraino* are in no way similar to this case. Here, as Defendant outlines in its current Motion to Stay [Doc. 29], the parties jointly moved for

3

and the Court granted a stay of 120 days while the parties explored settlement. When no settlement was reached, Defendant responded to the Complaint [Doc. 1] on April 22, 2025 with a Motion to Compel Arbitration [Doc. 15] rather than filing an answer. Thus, Defendant immediately raised the issue of arbitration in this Court and engaged in no conduct that could be construed as a waiver of arbitration such as the conduct described in *Johnson Associates* and *Doe v. Piraino*. The parties both expressly acknowledged and agreed in their jointly filed Rule 26(f) Report [Doc. 25] that Defendant was not waiving arbitration by engaging in discovery. Thus, Defendant's assertion in its Motion to Stay that it is trying to "avoid the situation where Defendant is unable to participate in discovery without potentially waiving its right to compel arbitration" is both specious and meritless.

Regardless of the forum in which this case is ultimately decided – whether at trial in this Court or in arbitration – it will be necessary for the parties to engage in discovery. There is simply no valid reason to stay the deadlines set by the Court at a time when the Court was aware that Defendant's Motion to Compel Arbitration was pending. Given the extended government shutdown earlier this year, the Court's likely resulting backlog and higher priorities, the most fair and efficient path forward until the Court is able to rule on Defendant's Motion to Compel Arbitration [Doc. 15] is to deny Defendant's Motion to Stay Deadlines [Doc. 29] because discovery will need to happen regardless of the forum.

Some courts have expressed concern about ordering the parties to proceed with discovery during the pendency of a motion to compel arbitration. *See, e.g., Turner v. Monarch Inv. & Mgmt. Grp., LLC*, No. 2:20-cv-3997, 2021 U.S. Dist. LEXIS 27736 (S.D. Ohio Feb. 12, 2021); *Hubbell v. NCR Corp.*, No. 2:17-cv-807, 2018 U.S. Dist. LEXIS 58205 (S.D. Ohio Apr. 5, 2018). Significantly, however, these courts noted that "This is particularly true when . . . the

4

federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration." *Turner*, 2021 U.S. Dist. LEXIS 27736, at *6; *Hubbell*, 2018 U.S. Dist. LEXIS 58205, at *3. But in this case the Court and the parties know the rules of discovery applicable to the arbitration – they are set forth in the arbitration agreement itself. The agreement provides that the parties are permitted to take three depositions per side in addition to one set of 25 interrogatories and one set of 35 requests for production of documents. [Doc. 15-2, p. 25]. Thus, regardless of whether the case proceeds in arbitration or in this Court, the parties will be entitled to written discovery and depositions.

Numerous other courts have declined to stay discovery while a motion to compel arbitration is pending, noting that "[a] decision to stay discovery is a matter committed to the sound discretion of the trial court." *CBX Law, LLC v. Lexikon Servs., LLC*, No. 3:19-cv-00867, 2020 U.S. Dist. LEXIS 264532, *3-4 (M.D. Tenn. Mar. 18, 2020). The *CBX* court stated that it was aware of no authority that discovery must as a matter of law be stayed while a motion to compel arbitration is pending. *Id.* at *3. Additionally, the court observed that the defendant had not "set forth any specific prejudice it would suffer as a result of participating in limited written discovery." *Id.* at *5. *See also Passmore v. Discovery Bank*, No. 1:11-cv-1347, 2011 U.S. Dist. LEXIS 157809, *1-2 (N.D. Ohio Sept. 26, 2011) (finding that neither party would be prejudiced if the court did not stay discovery pending a ruling on the defendant's renewed motion to compel arbitration); *Healthcare Mgmt. Sys. v. Syntel Ltd.*, No. 3:12-0845, 2013 U.S. Dist. LEXIS 103252, *11-12 (M.D. Tenn. July 24, 3013) (concluding that the plaintiff had not been prejudiced by the trial court permitting the defendant to "serve one set of interrogatories, limited to 30 interrogatories including subparts, and one request for production of documents" . . . limited, "to the extent possible," . . . "to those matters that would require discovery if th[e] case

5

were subject to arbitration"); *Netcracker Tech. Corp. v. Carro*, No. 1:23-cv-826, 2024 U.S. Dist. LEXIS 81172, at *3 (S.D. Ohio May 3, 2024) (declining to grant a stay of discovery while a motion to dismiss for lack of personal jurisdiction was pending, in part because "regardless of the resolution of personal jurisdiction – this case will likely proceed in a court where jurisdiction lies" and "[t]his cuts against granting a stay because [resources expended on discovery] may potentially be used in an alternative forum"); *Crosscountry Mortg., Inc. v. Messina*, No. 1:19-cv-1021, 2019 U.S. Dist. LEXIS 244407, at *5-6 (N.D. Ohio Oct. 8, 2019) (collecting cases) (noting that "district courts within [the Sixth] Circuit have frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" and in that case, "regardless of the outcome of [the] pending Motions to Dismiss . . . this case will likely proceed, if not in this Court then in another where jurisdiction lies").

Here, as in the cases cited above, the parties will necessarily engage in discovery whether in this Court or in arbitration. Defendant has not identified any way in which it would be prejudiced by engaging in discovery within the scope defined in its own arbitration agreement. The only purported concern Defendant has identified is the potential that it might be deemed to have waived enforcement of the arbitration agreement by engaging in discovery. That concern is baseless, as set forth above.

Finally, and importantly, as the *CBX* court also observed, "engaging in discovery may likewise facilitate the prospects of settlement in the case by allowing the Parties to obtain information that would aid in such negotiations." *CBX*, 2020 U.S. Dist. LEXIS 264532, at *5. The parties here have engaged in mediation and have discussed further negotiations outside of mediation. Discovery of relevant information will almost certainly help the parties as they engage in settlement negotiations going forward.

6

Accordingly, Plaintiff Lisa Jennings asks this Court to deny Defendant's Motion to Stay Discovery.

Respectfully submitted this 18th day of December 2025.

s/ *Jennifer B. Morton*
Jennifer B. Morton, BPR #015585
Summer H. McMillan, BPR #020296
**JENNIFER MORTON LAW, PLLC**
8217 Pickens Gap Road
Knoxville, TN 37920
(865) 579-0708
jen@jmortonlaw.com
summer@jmortonlaw.com

*Attorneys for Plaintiff Lisa Jennings*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18th, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*s/ Jennifer B. Morton*

7